UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE A. PANETO,
                Plaintiff,

-vs-                                        Case No. 6:06-cv-828-Orl-18KRS

MOTOR CAR CONCEPTS II, INC., d/b/a
Advanced Auto Services, Inc.,
HAKAN OZDEMIR,
SERHAT OZKAN,
                Defendants.
_____

# ORDER

This cause comes before the Court upon Defendants' Motion for Summary Judgment (Doc. 17, filed October 30, 2006), to which Plaintiff responded in opposition. (Doc. 22, filed December 7, 2006.[1]) Plaintiff Jose A. Paneto ("Plaintiff") brings this action against Motor Car Concepts II, Inc. ("MCC"), Hakan Ozdemir, and Serhat Ozkan (collectively, "Defendants"), asserting an action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. After reviewing the motions and memoranda provided by each party, the Court grants summary judgment to Defendants.

---

[1] The Court issued a Milburn Order on November 2, 2006 (Doc. 18), establishing the deadline for filing a response to Defendants' Motion for Summary Judgment at December 1, 2006. Subsequently, Plaintiff filed a Motion for Extension of Time to File a Response (Doc. 19, filed December 1, 2006), which was denied by the Court. (Doc. 21, filed December 7, 2006.) Only then did Plaintiff file his Response in Opposition. Out of fairness to the Plaintiff himself, the Court has still considered his attorney's untimely response to the Motion for Summary Judgment. However, such concessions are unlikely to be made in the future.

## I. BACKGROUND

Plaintiff was employed by MCC as a mechanic from approximately August 21, 2005, through January 29, 2006. Plaintiff's job duties as a mechanic included the following:

> (a) inspecting and servicing used cars and trucks owned by MCC or sold by MCC to customers;
> (b) making repairs or adjustments to used cars and trucks to place them in salable condition;
> (c) using hand tools, portable power tools, and specification sheets in connection with performing work on used cars and trucks;
> (d) inspecting cars and trucks for obvious damage and missing components;
> (e) inspecting cars and trucks for loose, defective or misaligned items, such as trim, doors, and hardware, and positioning said items according to specifications;
> (f) testing steering, brakes, transmission, and engine operation of used cars and trucks;
> (g) testing power equipment, such as electric windows, seats, radio, horn, lights, and directional signals to ensure proper operation;
> (h) inspecting surfaces of used cars and trucks to detect chips and scratches in paint and touching up imperfections;
> (I) installing optional equipment specified by MCC or MCC customers, such as outside mirrors, rugs, and seat covers; installing standard components, such as hubcaps and wiper blades; and
> (j) installing or repairing major mechanical, hydraulic, or electromechanical equipment.

(Doc. 17 at 4.)

During this time period, Plaintiff claims that he worked numerous weeks in excess of forty hours a week, but was not compensated for overtime (at the rate of one and one-half times the regular rate) for these excess hours. Based on this claim, Plaintiff filed two counts asserting a violation of the overtime provisions of the FLSA. Count I is a demand for unpaid wages and overtime (as well as attorney's fees and liquidated damages); Count II is a collective action on behalf of all similarly situated plaintiffs who were employed by MCC. Plaintiff specifically

claims that MCC's "policy of misclassifying employees as exempt is both unlawful and company-wide and each non-exempt employee employed by Defendant during the three years prior to the filing of this action have been deprived of overtime." (Doc. 1 ¶ 16.)

## II. DISCUSSION

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to

interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

### B. Count I: Violation of the Overtime Provisions of the FLSA

"Generally, employers are required to pay employees overtime for hours worked in excess of forty hours per week." Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1254 (11th Cir. 2001). The FLSA provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). It is undisputed that Plaintiff was never paid overtime compensation for any work done while at MCC.

Defendants assert, however, that an exemption from the overtime requirements is applicable in this action. Congress, in enacting the FLSA, exempted many types of employers and employees from its overtime provisions. See 29 U.S.C. § 213. The determination of whether a FLSA exemption applies is ultimately a legal question, and can be determined on summary judgment. See Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 713-14 (1986). One of these exemptions is that there is no overtime requirement for a "mechanic primarily

engaged in selling or servicing automobiles . . . if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles . . . to ultimate purchasers." 29 U.S.C. § 213(b)(10)(A). The requirements of this exemption are more explicitly stated in the Code of Federal Regulations:

> A specific exemption from only the overtime pay provisions of section 7 of [the FLSA] is provided . . . for certain employees of nonmanufacturing establishments engaged in the business of selling automobiles, trucks, trailers, farm implements or aircraft. Section 13(b)(10) states that the provisions of section 7 shall not apply with respect to "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trailers, trucks, farm implements, or aircraft if employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles to ultimate purchasers." This exemption will apply irrespective of the annual dollar volume of sales of the establishment or of the enterprise of which it is a part.

29 C.F.R. § 779.372(a). Therefore, there are two requirements that need to be met in order for Defendants to fall under this FLSA exemption: 1) Plaintiff must be a "mechanic"; and 2) the business run by MCC and Defendants must be a "nonmanufacturing establishment[] engaged in the business of selling automobiles."

*1. Plaintiff is a "Mechanic" Under the FLSA*

A "mechanic" is defined as

> any employee primarily engaged in doing mechanical work (such as get ready mechanics, automotive, truck, farm implement, or aircraft mechanics, used car reconditioning mechanics, and wrecker mechanics) in the servicing of an automobile, trailer, truck, farm implement, or aircraft for its use and operation as such. This includes mechanical work required for safe operation, as a vehicle, farm implement, or aircraft.

29 C.F.R. § 779.372(c)(3).

Based on the documents before this Court, it is clear that Plaintiff was a "mechanic" when he worked for MCC. Plaintiff's job duties comport with that of a mechanic. (See Doc. 17 at 4.) Plaintiff's Complaint identifies his job title as mechanic. (Doc. 1 ¶ 4.) Finally, Plaintiff confirmed his job title as mechanic in his Answers to the Court's Interrogatories. (See Doc. 12 at 3, Interrog. 4.) This record before the Court is without dispute, and it distinctly shows that Plaintiff is properly defined as a "mechanic" for purposes of the FLSA exemption.

2. *Defendants and MCC Operate a "Nonmanufacturing Establishment[] Engaged in the Business of Selling Automobiles"*

"Automobile dealers' establishments" and "automobile repair shops" have both been specifically listed in the Code of Federal Regulations as "establishments whose sale or service may be recognized as retail," and therefore fall under the heading of "exemptions for certain retail or service establishments making sales of goods and services 'recognized as retail.'" 29 C.F.R. § 779.320. All records before the Court clearly show that MCC falls under this rubric. All descriptions given by Defendants label MCC as either an "automobile dealers' establishment" or an "automobile repair shop." (See Doc. 17 at 4-5.) More importantly, Plaintiff himself classifies MCC as "a Florida corporation that operates a [sic] automobile service and repair business." (Doc. 1 ¶ 5.) Defendants do not manufacture any products, automobiles or otherwise. Therefore, it is beyond question that Defendants fall under the

definition of "nonmanufacturing establishment[] engaged in the business of selling automobiles" for the purposes of the FLSA exemption.[2]

Defendants have met the requirements of the FLSA exemption regarding overtime, and rightly fall within its provisions. Summary judgment as to Count I is hereby granted.

### C. Count II: FLSA Collective Action

The allegation in Count II of the Complaint rests entirely on the same supposition as Count I. Therefore, because this Court has established that Defendants meet the requirements of the FLSA exemption regarding overtime, summary judgment as to Count II is also granted.

---

[2]Defendants, in their Motion for Summary Judgment, outline a thorough explanation of why MCC and its affiliated service arm, Advance Auto Service, Inc., are one entity for the purpose of the FLSA exemption. (See Doc. 17 at 10-13.) However, because this argument was not put forth by Plaintiff, and because the exemption language in the FLSA is clear, the Court has no need to address it.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Motion for Summary Judgment is hereby **GRANTED** in full. The Motion to Strike (Doc. 23, filed December 15, 2006) filed by Defendants is hereby **DENIED AS MOOT**. The Clerk of the Court is **ORDERED** to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on this 31 day of January, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties